**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

Case No. 11-03877-dd

**ORDER APPROVING SETTLEMENT AND COMPROMISE BETWEEN DEBTOR AND SC REGIONAL HEALTH SYSTEM, LLC**

The relief set forth on the following pages, for a total of 7 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**04/18/2013**



/s/ David R. Duncan
David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 04/18/2013

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

In re:

Bamberg County Memorial Hospital,

Debtor.

Case No. 11-03877-dd

Chapter 9

## ORDER APPROVING SETTLEMENT AND COMPROMISE BETWEEN DEBOR AND SC REGIONAL HEALTH SYSTEM, LLC

This matter came before the Court on the Notice and Application for Settlement and Compromise ("Settlement Application") seeking approval of a Settlement Agreement and Release ("Settlement Agreement") between the Bamberg County Memorial Hospital ("Debtor") and SC Regional Health System, LLC ("RHS").[1]  General Electric Corporation d/b/a GE Healthcare Diagnostic Imaging ("GE") filed an objection to the Settlement Application. A hearing was held on the Settlement Application on April 8, 2013. After careful consideration of the applicable law, arguments of counsel, and evidence submitted, the Court approves the Settlement Agreement.

---

[1] A copy of the Settlement Agreement was attached to the Settlement Application as Exhibit A. Other parties to the Settlement Agreement include Bamberg County, Barnwell County, Barnwell County Hospital ("Barnwell Hospital"), and Dobbs Equity Partners, LLC ("Dobbs"). According to Debtor, these parties are parties to the Settlement Agreement for the purpose of providing mutual releases, and with the exception of the Barnwell Hospital, the parties have no other obligations under the Settlement Agreement.

2

# FINDINGS OF FACT[2]

1. On June 20, 2011, Debtor filed a petition seeking relief under chapter 9 of the United States Bankruptcy Code ("Bankruptcy Code").

2. On September 29, 2011, Debtor, along with Barnwell County Hospital ("Barnwell Hospital"), Barnwell County, and Bamberg County, executed an Asset Purchase Agreement ("Original APA") with RHS for the purchase of substantially all of the assets of Debtor and the Barnwell Hospital.[3]  Debtor's Amended Plan for Adjustment of Debts, as modified by the Debtor's Modification to First Amended Plan for Adjustment of Debts (collectively, the "Plan") was based on the transaction contemplated by the Original APA.  On May 23, 2012, the Bankruptcy Court entered its Order confirming the Debtor's Plan (the "Confirmation Order").

3. The transaction contemplated under the Original APA did not close, the reasons for which were vigorously contested by Debtor and RHS.  As a result of the transaction not closing, RHS filed an application seeking payment of an administrative expense claim ("RHS Application") in the amount of approximately $1,054,173.42 for liquidated damages under the Original APA.  Debtor objected to the RHS Application and disputed that RHS was entitled to a claim against Debtor.  Additionally, Debtor asserted that it was entitled to damages against RHS, which RHS disputed.

4. The parties to the Original APA, including Debtor, resolved all issues between themselves and entered into the Settlement Agreement.  As part of the settlement, Debtor is releasing RHS from all claims Debtor could have asserted against it with respect to the Original

---

[2] To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

[3] Barnwell Hospital also filed a chapter 9 petition, and its bankruptcy case is still pending. *See* Case No. 11-06207-dd.  A separate order approving the Settlement Agreement will be entered in the Barnwell Hospital case.

APA, and RHS is releasing all claims it could have asserted against Debtor with respect to the Original APA. This mutual release will be effective when certain funds ("Settlement Funds") are paid to RHS by Barnwell Hospital as set forth in the Settlement Agreement. Debtor will not pay any of its funds to RHS.

## CONCLUSIONS OF LAW

### I.  Jurisdiction

The Court has jurisdiction over the matters before it pursuant to 28 U.S.C. §§ 157(a) and 1334, Article XIII of the Plan (setting forth "Retention of Jurisdiction of the Court"), and page 42 of the Confirmation Order (stating that the "Bankruptcy Court's retention of jurisdiction as set forth in Article XIII of the Plan is approved").

### II.  11 U.S.C. § 904

Under chapter 9 of the Bankruptcy Code, Debtor may not have been required to seek approval of the settlement with RHS because of the limitations imposed on the Court under 11 U.S.C. § 904.[4] *See In re City of Stockton, Cal.*, 486 B.R. 194, 199 (Bankr. E.D. Cal. 2013) ("When a chapter 9 debtor files a Rule 9019 motion to have the court approve a compromise or settlement, the municipality 'consents' for purposes of § 904 to judicial interference with the property or revenues of the debtor needed to accomplish the proposed transaction."). Assuming without deciding that it was necessary for Debtor to seek approval of the settlement, the Court will rule on the motion before it.

---

[4] 11 U.S.C. § 904 provides:
Notwithstanding any power of the court, unless the debtor consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with --
(1) any of the political or governmental powers of the debtor;
(2) any of the property or revenues of the debtor; or
(3) the debtor's use or enjoyment of any income-producing property.

4

### III. Legal Standard

Federal Rule of Bankruptcy Procedure 9019(a) allows a Debtor to settle a matter with the approval of the Court after notice and a hearing. When approving a settlement, a bankruptcy court generally considers the following four factors: "the probabilities of success in litigation; the difficulties, if any, to be encountered in the matter of collection; the complexity of the litigation involved (including the expense, inconvenience and delay necessarily attending the litigation); and the paramount interest of the creditors and a proper deference to their reasonable views." *In re Derivium Capital, LLC*, 380 B.R. 392, 405 (Bankr. D.S.C. 2007) (collecting cases). "'A Court may approve a settlement over objections unless the proposed settlement falls below the lowest point in the range of reasonableness.'" *In re Jaraki*, No. 04-09182-W, 2006 WL 2612198, at *3 (Bankr. D.S.C. Jan. 20, 2006) (internal quotation marks omitted) (quoting *United States ex. rel. Rahman v. Oncology Assoc., P.C.*, 269 B.R. 139, 149 (D. Md. 2001)); *see also In re W.T. Grant Co.*, 699 F.2d 599, 608, 613 (2d Cir. 1983); *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995). "The essential inquiry that the Court must make . . . is to determine whether the settlement agreement is 'fair and equitable' and in the best interests of the estate." *Derivium Capital*, 380 B.R. at 405 (quoting *Oncology Assoc.*, 269 B.R. at 150); *see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968); *St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1010 (4th Cir. 1985).

### IV. Analysis

Applying the factors described above, the Court finds that approval of the Settlement Agreement is in the best interest of Debtor's estate. While Debtor may ultimately prevail in its dispute with RHS, the outcome is uncertain. Furthermore, the matters raised in the dispute involve a myriad of factual issues that would require multiple depositions, lengthy written

discovery, engagement of experts, and possibly a lengthy trial. In exchange for releasing its claims against RHS, Debtor is being released from any liability it may have to RHS, and upon payment of the Settlement Funds, RHS is withdrawing with prejudice its application for the allowance of an administrative expense claim. Significantly, this settlement will end the litigation between Debtor and RHS without Debtor having to expend any of its funds. For these reasons, the Settlement Agreement is approved.

## V.    The GE Objection

GE objected to the Settlement Application on the grounds that RHS has not shown it is entitled to an administrative priority under 11 U.S.C. § 503. The Court is not issuing a finding regarding whether or not RHS is entitled to an administrative priority with respect to the settlement funds or the claims those funds are being used to settle. *See* 11 U.S.C. § 904. Therefore, GE's objection is overruled as moot.

## CONCLUSION

For the reasons set forth herein, GE's objection to the Notice and Application for Settlement and Compromise seeking approval of a Settlement Agreement and Release between Debtor and RHS is overruled, and the Settlement Agreement is approved.

AND IT IS SO ORDERED.